**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 3:97-cr-00077-RCJ-VPC-3 |
| vs. | ) | |
| | ) | |
| JUAN GARCIA-OCHOA, | ) | **ORDER** |
| Defendant. | ) | |

Pending before the Court is Petitioner Juan Garcia-Ochoa's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 199). For the reasons given herein, the Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant for: (1) conspiracy to possess with intent to distribute methamphetamine, cocaine, and marijuana, 21 U.S.C. §§ 846, 841(a)(1); (2) possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1); (3) possession of methamphetamine with intent to distribute, *id.*; (4) possession of cocaine with intent to distribute, *id.*; and (5) interstate travel in aid of racketeering, 18 U.S.C. § 1952(a)(3). (*See* Superseding Indictment, Oct. 15, 1997, ECF No. 9). Defendant pled guilty to Count 1, and the United States dismissed the remaining charges. (*See* J. 1, Dec. 13, 1999, ECF No. 176). The Hon. David W. Hagen sentenced Defendant to 360 months imprisonment, to be followed by 60 months of supervised release. (*See id.* 2–3). Defendant has filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255.

///

## II. LEGAL STANDARDS

### A. Untimely and Successive Habeas Corpus Petitions

A federal habeas corpus petitioner must bring his motion under § 2255 within one year of the latest of: (1) final judgment of conviction; (2) the removal of any impediment to bringing the petition caused by unconstitutional government action; (3) the date on which the Supreme Court first recognizes the right asserted, if the Supreme Court has made the right retroactively applicable to collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Successive petitions must be approved by the Court of Appeals. *See id.* at § 2255(h).

### B. Waiver of Appeal Rights

A criminal defendant who pleads guilty implicitly waives the right to challenge any pre-conviction error, unless the alleged error relates directly to the voluntariness or intelligence of the guilty plea itself:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Furthermore, a defendant may explicitly waive the right to appeal the sentence via plea agreement, so long as the waiver is voluntary and intelligent. *United States v. Cope*, 527 F.3d 944, 949 (9th Cir. 2008).

### C. Procedural Default

Even where the right to appeal an issue has not been waived, issues decided on direct review, or which could have been raised on direct review but were not, cannot be brought in a § 2255 petition. *Reed v. Farley*, 512 U.S. 339, 358 (1994). The former kinds of claim are res judicata under ordinary claim preclusion principles, and the latter kinds of claim are said to be

"procedurally defaulted" and cannot be raised later in a collateral attack. *See id.* Procedural default is excused where a defendant can show: (1) cause and prejudice; or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)).

### 1. Cause and Prejudice

"Cause" means "some objective factor external to the defense" that impeded the defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Among the reasons that can constitute "cause" are government coercion, *see United States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see McCleskey*, 499 U.S. at 494, and a "reasonable unavailability of the factual or legal basis for the claim," *see id.* "Prejudice" means that "the constitutional errors raised in the petition actually and substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A showing of prejudice requires demonstration of a "reasonable probability that . . . the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Ineffective assistance of counsel is "cause" excusing procedural default only where the failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*, 341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland*, 466 U.S. 668). Ineffective assistance of counsel claims may be brought for the first time in a § 2255 petition, even if they could also have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

There is a "strong presumption" of reasonable professional conduct. *Strickland*, 466 U.S. at 698. When this presumption is overcome and an attorney's "unprofessional errors" are such

that there is a "reasonable probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). Counsel's tactical decisions with which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2330 (2009).

### 2. Actual Innocence

"To establish actual innocence for the purposes of habeas relief, a petitioner 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quoting *Bousley*, 523 U.S. at 623)). "A petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo*, 645 F.3d at 1047 (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

## III. ANALYSIS

### A. Ground 1

Defendant's conviction became final approximately fifteen years before he filed the present motion. Defendant invokes § 2255(f)(3), which provides that the one-year limitation period runs, where applicable, from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The newly recognized right Defendant argues for under Ground 1 is the right to effective assistance of counsel in plea negotiations. *See Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

1       First, despite the dissenting justices' arguments to the contrary in those cases, this Court is compelled to rule as a matter of pure logic that neither *Lafler* nor *Frye* announced any new rule. The Supreme Court granted habeas corpus relief in *Lafler* because (and only because) a defendant's right to effective assistance of counsel during the plea-bargaining stage had already been clearly established. *See* 132 S. Ct. at 1390 ("By failing to apply *Strickland* to assess the ineffective-assistance-of-counsel claim respondent raised, the state court's adjudication was contrary to clearly established federal law."). Had the Supreme Court announced a new rule, it could not have granted habeas corpus relief based thereupon under 28 U.S.C. § 2254(d)(1). In any case, the Court of Appeals has explicitly ruled that neither *Lafler* nor *Frye* announced any new rule. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) ("The Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland*, and established in the plea-bargaining context in *Hill*. . . . Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government." (citations omitted)).

        Second, as to the lack of intelligence of his guilty plea, Defendant's factual allegations are simply implausible and/or judicially estopped. He contends that he only pled guilty because trial counsel promised him an 8–13 year sentence and did not inform him that he might be sentenced to the 30 years he in fact received. The Plea Agreement Defendant signed on November 13, 1998, however, indicates that no agreements between him and his attorney or between him and the United States not appearing in the Plea Agreement were binding on the Court and that "sentencing is entirely up to the Court." (*See* Plea Agreement 12, Nov. 12, 1998, Dkt. No. 115). The Plea Agreement states that Defendant understood that "my sentence could be anywhere within the range set forth in Section II of this Memorandum." (*Id.*). Section II in turn states that

the statutory sentencing range was 10 years to life imprisonment. (*See id.* 5). Even the potential sentencing guideline ranges listed in Section III indicated that Defendant could receive up to life imprisonment in his case. (*See id.* 7). Finally, Defendant represented to the Court that "My attorney has not promised me anything not mentioned in this plea memorandum, and, in particular, my attorney has not promised that I will get any specific sentence." (*Id.* 11).

**B.  Ground 2**

In Ground 2, Defendant argues that he had no opportunity to file a timely habeas corpus motion under § 2255 because he is representing himself *in pro se*. The Court rejects this argument. Self-represented litigants routinely file their own timely habeas corpus petitions and motions in this Court. Moreover, Defendant attaches no substantive claim to Ground 2, which consists entirely of the proffered excuse for his untimely filing.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 199) is DENIED.

IT IS SO ORDERED.

Dated this 17th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge